UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　v.<br>JOSE VALENTIN MORA,<br>　　　　　　　　Defendant. | Case No. 3:18-cr-00055-MMD-WGC<br><br>ORDER |
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　v.<br>DAGOBERTO MORA-SILVA,<br>　　　　　　　　Defendant. | |

　　　　Defendants Jose Valentin Mora ("Mora") and Dagoberto Mora-Silva ("Mora-Silva") (collectively, "Defendants") separately move to dismiss certain counts charged against them in the original criminal indictment in this case (ECF No. 1) ("Motions"). (ECF Nos. 63, 64.) Specifically, they challenge the charges for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (aiding and abetting the underlying offense) in Count 1. (*Id.*; ECF No. 1.) Mora-Silva additionally challenges the charges of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2), and 2 (aiding and abetting the underlying offense) (*see* ECF No. 1). (ECF No. 64.) The Court concludes that the Motions are rendered moot by the filing of the superseding indictment (ECF No. 89) in this case.

　　　　The crux of the Motions is that the original indictment fails to state the purported offenses and suffers from fundamental instructional error to the grand jury in light of the Supreme Court's recent decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191

(2019). In *Rehaif*, the Court held that under 18 U.S.C. §§ 922(g) and 924(a)(2), prosecutors must prove both that an individual knew that he possessed a firearm and that he was of the relevant status—a person barred from possessing a firearm—when he possessed the firearm. *Id.* at 2200. Defendants essentially challenge the original indictment because the indictment did not allege Mora "knowingly" held the status of an ex-felon (ECF No. 63 at 2) or that Mora-Silva knew he held the same status or knew of his unlawful alien status (ECF No. 64 at 2). (*See* ECF No. 1.) Mora also argues that given the status omission, the grand jury transcript and exhibits supporting the original indictment are needed to develop the record in support of dismissal. (ECF No. 63 at 3, 6–8.) Upon reviewing the superseding indictment (ECF No. 89), the Court finds that it includes allegations tending to establish both relevant statuses, and thus cures the pertinent legal deficiencies. In light of this, the Motions are rendered moot.

      It is therefore ordered that Defendants Jose Valentin Mora and Dagoberto Mora-Silva's motions to dismiss (ECF Nos. 63, 64) are denied as moot in light of the superseding indictment (ECF No. 89).

      DATED THIS 29th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE